# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Stacy Lynn Brown, Todd William Brown, ) | Civil Action No. 3:17-cv-01025-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| State Farm Mutual Automobile Insurance ) | |
| Company, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court to address the posture of the case in light of the parties Joint Report on Case Status (ECF No. 33) filed on April 10, 2020. In their Joint Report, the parties informed the court that "plaintiffs['] underlying case against the underinsured motorist is still pending" and the state court "is unable to locate the underlying state case on the active roster." (*Id.*) Upon consideration of this information, the court decided to exercise the broad discretion it has over the management of its docket since the case is more than three (3) years old (*see* ECF No. 1) and has had very little docket activity since the stay granted by the court expired on March 26, 2019. (*See also* ECF No. 19); *Howard v. City of Albuquerque*, 349 F. Supp. 3d 1137, 1144 (D.N.M. 2018) ("A court has broad discretion in managing its docket, . . . ." (citation omitted)).

In this regard, "[t]he [c]ourt must always be mindful of its jurisdiction and [may] raise the issue sua sponte, if necessary." *ACH Props. Inc. v. Contreras-Sweet*, Civil Action No. B-16-200, 2017 WL 1396093, at *4 (S.D. Tex. Jan. 19, 2017) (citing *Schofield v. Davis*, No. 15-40331, 2016 WL 5746319, at *1 (5th Cir. Sept. 30, 2016)). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between– (1) citizens of different states; . . . ." 28 U.S.C. § 1332(a).

Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted). In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. *Thompson v. Victoria Fire & Cas. Co.*, 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). Where the plaintiff has alleged an indeterminate amount of damages, courts may consider the plaintiff's claims, as alleged in the complaint, the notice of removal filed with a federal court, and other relevant materials in the record. *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Fed. 4, 2011) (internal citation and quotations omitted). In the District of South Carolina, proper removal requires a showing "either to a 'legal certainty' or at least within 'reasonable probability' that the amount in controversy has been satisfied." *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 461 (D.S.C. 2005).

In this action, Plaintiffs assert claims against their insurer, Defendant State Farm Mutual Insurance Company ("State Farm"), for breach of contract and bad faith handling of an insurance claim. (*See* ECF No. 1-3 at 7 ¶ 9–8 ¶ 12.) Prior to the removal of these claims to this court, they were severed from negligent driving claims that Plaintiffs had alleged in the underlying state court case in the Richland County Court of Common Pleas. (*See* ECF No. 1-1 at 3–7.) In that underlying case captioned *Stacy Lynn Brown and Todd William Brown v. Jose Gutierrez Solis and State Farm Mutual Automobile Insurance Company*, Case No. 2016-CP-40-02806 (Richland Cty. Ct. Com. Pl.), Plaintiffs sought judgment against State Farm and an individual that is not a party to this action for "an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, actual and punitive damages, [and] for the costs of this action." (ECF No. 1-3 at 8.)

Upon its review, the court observes that the Complaint as it relates to State Farm does not specify a determinate amount of damages and in fact calls State Farm and the individual not a party to this action "the Defendant." (*See* ECF No. 1-3 at 8.) Based on the Complaint and the other removal documents, the court has express doubt about whether Plaintiffs are able to meet the jurisdictional amount as to State Farm even with the inclusion of an unspecified punitive damages claim. The court's express doubt is further substantiated by Plaintiffs' decision to park this case on the court's docket even while the underlying tort action has stalled in state court. *Cf. Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 204 (4th Cir. 2019) ("In the end, this case involves state-law issues about how to apportion liability following an automobile accident. Considerations of comity and judicial efficiency weigh strongly in favor of permitting the state court to address the relationship among the various defendants."). In light of the foregoing, the court is not persuaded to a legal certainty or reasonable probability that the amount in controversy is satisfied in this action.

Therefore, upon its review of the removal documents (*e.g.*, ECF Nos. 1, 1-1, 1-3) in the context of the matter's current posture, the court sua sponte **REMANDS** the case to the Court of Common Pleas for Richland County for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 5, 2020
Columbia, South Carolina

3