# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Stacy Lynn Brown, Todd William Brown, ) | Civil Action No.: 3:17-cv-01025-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.     ) | **ORDER AND OPINION** |
| ) | |
| State Farm Mutual Automobile Insurance ) | |
| Company, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiffs Stacy Lynn Brown and Todd William Brown (together "Plaintiffs") filed this action against Defendant State Farm Mutual Automobile Insurance Company seeking monetary damages based on Defendant's alleged bad faith and breach of contract arising from an automobile insurance policy. (*See* ECF No. 1-3.)

This matter is before the court on State Farm's unopposed Motion for Reconsideration (ECF No. 39) of the court's Order entered on June 5, 2020 (the "June Order"), remanding "the case to the Court of Common Pleas for Richland County for lack of subject matter jurisdiction." (ECF No. 34 at 3.) For the reasons set forth below, the court **GRANTS** State Farm's Motion for Reconsideration.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

This case arises out of an automobile accident involving Plaintiff Stacy Lynn Brown that occurred on May 15, 2014, "in or near Gaston, South Carolina." (ECF No. 1-3 at 6 ¶ 5.) On May 3, 2016, Plaintiffs filed a case captioned *Stacy Lynn Brown and Todd William Brown v. Jose Gutierrez Solis and State Farm Mutual Automobile Insurance Company*, Case No. 2016-CP-40-02806, in the Richland County Court of Common Pleas. (*See id.*) In the Complaint, Plaintiffs

1

allege claims for negligence and loss of consortium against the other driver involved in the accident, Jose Gutierrez Solis. (*See id.* at 6 ¶ 6–7 ¶ 8, 8 ¶¶ 13–15.) As a result of State Farm's alleged post-accident actions, Plaintiffs alleged claims against State Farm for breach of contract and bad faith relating to its handling of Plaintiffs' claim for underinsured motorist ("UIM") benefits under automobile insurance policy no. 466 8190-A26-40P. (*Id.* at 7 ¶ 9–8 ¶ 12.) After the state court severed the case against State Farm from the rest of the action on March 23, 2017 (*see* ECF No. 1-1 at 6–7), State Farm removed the claims for breach of contract and bad faith to this court on April 20, 2017. (*See* ECF No. 1.)

On May 5, 2017, the parties filed a Consent Motion to Stay (ECF No. 4) the case until resolution of the underlying case in state court, which Motion was granted by the court on May 26, 2017. (ECF No. 5.) While the stay was in place, the court instructed the parties to file periodic joint status reports. In the April 10, 2020 Joint Status Report, the parties informed the court that "plaintiffs['] underlying case against the underinsured motorist is still pending" and the state court "is unable to locate the underlying state case on the active roster." (ECF No. 33 at 1.) Thereafter, on June 5, 2020, the court sua sponte determined that it did not have subject matter jurisdiction and remanded the case to the Richland County Court of Common Pleas. (ECF No. 34 at 3.)

On June 16, 2020, State Farm filed the instant Motion for Reconsideration. (ECF No. 39.)

## II.     LEGAL STANDARD AND ANALYSIS

In the June Order, the court made the following observations in remanding the case to the state court:

> In this action, Plaintiffs assert claims against their insurer, Defendant State Farm Mutual Insurance Company ("State Farm"), for breach of contract and bad faith handling of an insurance claim. (*See* ECF No. 1-3 at 7 ¶ 9–8 ¶ 12.) Prior to the removal of these claims to this court, they were severed from negligent driving claims that Plaintiffs had alleged in the underlying state court case in the Richland County Court of Common Pleas. (*See* ECF No. 1-1 at 3–7.) In that underlying

2

> case captioned *Stacy Lynn Brown and Todd William Brown v. Jose Gutierrez Solis and State Farm Mutual Automobile Insurance Company*, Case No. 2016-CP-40-02806 (Richland Cty. Ct. Com. Pl.), Plaintiffs sought judgment against State Farm and an individual that is not a party to this action for "an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, actual and punitive damages, [and] for the costs of this action." (ECF No. 1-3 at 8.)
>
> Upon its review, the court observes that the Complaint as it relates to State Farm does not specify a determinate amount of damages and in fact calls State Farm and the individual not a party to this action "the Defendant." (*See* ECF No. 1-3 at 8.) Based on the Complaint and the other removal documents, the court has express doubt about whether Plaintiffs are able to meet the jurisdictional amount as to State Farm even with the inclusion of an unspecified punitive damages claim. The court's express doubt is further substantiated by Plaintiffs' decision to park this case on the court's docket even while the underlying tort action has stalled in state court. *Cf. Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 204 (4th Cir. 2019) ("In the end, this case involves state-law issues about how to apportion liability following an automobile accident. Considerations of comity and judicial efficiency weigh strongly in favor of permitting the state court to address the relationship among the various defendants."). In light of the foregoing, the court is not persuaded to a legal certainty or reasonable probability that the amount in controversy is satisfied in this action.
>
> Therefore, upon its review of the removal documents (*e.g.*, ECF Nos. 1, 1-1, 1-3) in the context of the matter's current posture, the court sua sponte **REMANDS** the case to the Court of Common Pleas for Richland County for lack of subject matter jurisdiction.

(ECF No. 34 at 2–3.)

State Farm seeks reconsideration of the June Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

A.     Standard for Relief Pursuant to Rule 59(e)

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these

3

three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

B.      State Farm's Arguments

In their Motion, State Farm argues that reconsideration of the June Order is warranted because "the [c]ourt erred in sua sponte remanding the case to state court without giving State Farm an opportunity to demonstrate diversity jurisdiction and the [c]ourt further erred in allowing the status of the case to bear on the analysis of whether diversity jurisdiction exists." (ECF No. 39 at 4.) State Farm further argues that if the court had doubts about its subject matter jurisdiction, it should have sua sponte allowed State Farm "to demonstrate that removal jurisdiction is proper" instead of sua sponte remanding the matter "without prior notice or an opportunity for the parties to be heard." (*Id.* at 5.) In this regard, State Farm asserts that the record demonstrates "the amount in controversy exceeds $75,000[.00] to a legal certainty, or at least to a reasonable probability" thereby meeting jurisdictional amount in controversy. (*Id.* at 6–7.) In light of the aforementioned, State Farm requests that the court vacate the June Order and, if it has concerns about the lack of movement in the case, dismiss the case for failure to prosecute. (*Id.* at 9.)

C.      The Court's Review

In the June Order, the court sua sponte remanded "the case to the Court of Common Pleas for Richland County for lack of subject matter jurisdiction." (ECF No. 34 at 3.) In the instant

4

Motion, State Farm seeks reconsideration of the June Order arguing that the court's sua sponte remand was a clear error of law.[1]  (*See* ECF No. 39 at 4 ("[T]he district court may not sua sponte 'remand a matter based on a perceived insufficiency in the factual allegations in a notice of removal.'" (quoting *Vest v. RSC Lexington*, LLC, No. 3:16-CV-3018-CMC, 2016 WL 6646419, at *2 (D.S.C. Nov. 10, 2016))).)

At the outset of this review, the court acknowledges that it remanded the case based on a "lack of subject matter jurisdiction." (ECF No. 34 at 3.)  Notwithstanding State Farm's arguments to the contrary, "where remand is based on a lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (citing 28 U.S.C. § 1447(c); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).  "In addition, because the lack of subject matter jurisdiction may be noticed by the district court sua sponte . . ., the court may enter a remand order sua sponte." *Id.* (internal citations omitted).  In *Ellenburg*, the United States Court of Appeals for the Fourth Circuit enunciated "the proposition that federal jurisdiction is properly pled when a removing defendant alleges that the parties are diverse and that the amount in controversy exceeds the jurisdictional limit." *Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp. 2d 633, 636 (S.D. W. Va. 2009) (citing *Ellenburg*, 519 F.3d at 200).  *Ellenburg* does not foreclose a district court from remanding a case sua sponte for lack of subject matter jurisdiction.  However, in this case, because the June Order made a finding regarding the jurisdictional amount after State Farm alleged that "the amount in controversy exceeds $75,000.00" (ECF No. 1 at 2 ¶ 3), the court should not have sua sponte remanded the matter without allowing State Farm the

---

[1] Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted).

opportunity to submit its position. *See Ellenburg*, 519 F.3d at 200 ("[T]he district court may inquire sua sponte whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction, or it may invite a motion to remand based on a lack of subject matter jurisdiction and resolve that motion as it would any other motion, again imposing the burden of demonstrating jurisdiction on the defendants."). Therefore, upon consideration of the Fourth Circuit's opinion in *Ellenburg*, which was cited in State Farm's Motion (*see* ECF No. 39 at 4, 5), the court is persuaded that it was overly expeditious in remanding the matter back to state court. Accordingly, the court must grant State Farm's Motion for Reconsideration.

### III.     CONCLUSION

For the foregoing reasons, the court **GRANTS** the Motion for Reconsideration of Defendant State Farm Mutual Automobile Insurance Company. (ECF No. 39.) As a result, the Clerk of this Court shall submit a certified copy of this Order of Reconsideration to the Clerk of Court of the Richland County Court of Common Pleas. In addition, the court **ORDERS** the parties to submit by February 1, 2021, (1) a proposed joint scheduling order and (2) a joint status report offering their respective positions regarding the viability of Plaintiffs' claims in this action without a judgment against Jose Gutierrez Solis, the underinsured motorist. *See Halmon v. Am. Int'l Grp. Ins. Co.*, 586 F. Supp. 2d 401, 404 (D.S.C. 2007); *Lawson v. Porter*, 180 S.E.2d 643, 644 (S.C. 1971) ("Recovery under the uninsured endorsement is subject to the condition that the insured establish legal liability on the part of the uninsured motorist.").

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 12, 2021
Columbia, South Carolina